UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARGARET VETERE,

                Plaintiff,                         **MEMORANDUM**
                                                                **AND ORDER**
              -against-                         07-CV-1523 (NGG)

JOANNA SEYBERT, U.S.D.J.,

                Defendant.
------------------------------------------------------x
GARAUFIS, United States District Judge:

       Plaintiff Margaret Vetere brings this *pro se* action pursuant to 42 U.S.C. § 1981 seeking $1 million in damages from defendant. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order.[1] For the reasons set forth below, the complaint is dismissed.

## Background

       By Memorandum and Order dated October 13, 2006, the Honorable Joanna Seybert, United States District Judge, dismissed plaintiff's complaint against Sears Roebuck & Company and numerous other defendants, but allowed plaintiff to file an amended complaint. See Vertere v. Sears Roebuck & Co., 2:06-CV-4543 (JS). By Order dated March 14, 2007, Judge Seybert dismissed plaintiff's amended complaint in its entirety with prejudice. On April 12, 2007, plaintiff filed a notice of appeal. Plaintiff files the instant action seeking damages for purported prejudice because Judge Seybert referred to plaintiff's litigation history in her October 13th Order. Complaint at 3.

---

[1] Plaintiff filed the instant action without a separate application to proceed *in forma pauperis*. Because plaintiff states that she receives public assistance in her letter dated April 12, 2007 to the Honorable E. Thomas Boyle, United States Magistrate Judge, the Court grants plaintiff *in forma pauperis* status. Plaintiff is warned, however, that any future civil action she wishes to commence in this Court must be accompanied by the filing fee or a separate *in forma pauperis* declaration.

## Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). As set forth below, the complaint is dismissed as frivolous as Judge Seybert is immune from suit.

## Discussion

A.  Judicial Immunity

It is well settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). See also Stump v. Sparkman, 435 U.S. 349, 356 (1978); Huminski v. Corsones, 396 F.3d 53, 74-75 (2d Cir. 2005). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). As the alleged wrongdoing of Judge Seybert were acts performed in a judicial capacity, plaintiff's claim is foreclosed by absolute immunity and is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(iii).

## Conclusion

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and seeks monetary relief from a defendant who is immune to such relief. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 3 , 2007

/signed/
_____
NICHOLAS G. GARAUFIS
United States District Judge